UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y. P. V.,<br><br>        Plaintiff,<br><br>    v.<br><br>PIERANCH, et al.,<br><br>        Defendants. | Case No. 20-cv-03874-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING FOR FURTHER ACTION**<br><br>Docket No. 47 |

On May 12, 2020, Plaintiff filed a Complaint in the Superior Court of California, County of San Mateo. Defendant removed this action on June 12, 2020, asserting federal question jurisdiction under 28 U.S.C. § 1331 because the case arises, in part, under 42 U.S.C. § 2000d ("Title VI"). Notice of Removal (Docket No. 1). Defendant now moves to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Motion to Dismiss FAC (Docket No. 47). For the reasons below, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VI claim and declines to exercise supplemental jurisdiction over the remaining state law claims. This matter is remanded to state court for further action.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

A.    Factual Background

In her FAC (Docket No. 46), Plaintiff alleges as follows.

Plaintiff is a fourteen-year-old child who brings this action through her mother as *guardian ad litem*. FAC ¶¶ 5-6. Defendant Pie Ranch is a nonprofit farm and education center that operates a youth education program serving hundreds of young people every year. FAC ¶ 14-15. Pie

Ranch operates "live-work premises" for its employees, who are residents on the premises. FAC ¶ 17.

In 2014, Pie Ranch hired Plaintiff's mother and father as a farm worker and vegetable packer, and Mr. Isidro Leon Macias as a foreman. FAC ¶ 19. Mr. Macias had supervisory and managerial authority over other Pie Ranch employees, including Plaintiff's parents. FAC ¶ 20. Around May 1999, Mr. Macias pleaded no contest to one count of misdemeanor indecent exposure and was ordered to complete a sexual offender program and not have any contact with minors. FAC ¶ 22. Pie Ranch failed to conduct a background check prior to hiring Mr. Macias, which would have revealed his prior conviction. FAC ¶ 31-32.

As part of his employment, Mr. Macias supervised approximately twelve workers at Pie Ranch's Año Nuevo Ranch site, including Plaintiff's parents. FAC ¶ 33-34. He was also in charge of communications between the Pie Ranch owners and the farm workers he supervised. FAC ¶ 35. All of the farm workers with families who were supervised by Mr. Macias resided in trailers rented to them by Pie Ranch. FAC ¶ 36.

Mr. Macias began an inappropriate relationship with Plaintiff via text messaging. FAC ¶ 47. This inappropriate relationship was reported to the San Mateo County Sheriff's Office. FAC ¶ 48. Mr. Macias also requested that Plaintiff be allowed to help him feed the Pie Ranch chickens, promising Plaintiff a salary for helping him perform this task. FAC ¶ 44, 50-51.

On or about June 12, 2017, Mr. Macias asked Plaintiff to accompany him to feed the chickens. FAC ¶ 56. Mr. Macias held Plaintiff's hand and started to kiss her on the mouth. FAC ¶ 57. Mr. Macias' 13-year-old son had followed them from a distance, and he witnessed Mr. Macias kissing and touching Plaintiff and ran to tell Plaintiff's parents. FAC ¶ 58-59. When Plaintiff's mother learned of this incident, she immediately reported it to the San Mateo County Sheriff. FAC ¶ 60.

Plaintiff was interviewed at the Keller Center for Family Violence Intervention at the San Mateo Medical Center, which works with law enforcement and the District Attorney's office to provide medical and social services for individuals who have suffered sexual abuse, sexual assault, and child abuse. FAC ¶ 61. During the interview, Plaintiff reported three other instances, all at

the chicken coop, during which Mr. Macias kissed and touched her buttocks. FAC ¶ 62. Mr. Macias was arrested on or about June 12, 2017 in connection with his sexual battery of Plaintiff. FAC ¶ 63.

At some point after Mr. Macias was arraigned on the above-described complaint, Ms. Delma Soult, Pie Ranch's Director of Finance and Administration, came to the trailer of Plaintiff's family to question Plaintiff's mother as to Mr. Macias' whereabouts and whether he had been released on bond. FAC ¶ 66. Once Mr. Macias was released on bond, Ms. Soult asked Plaintiff's mother to permit Mr. Macias to come stay in his trailer overnight despite the fact that Ms. Soult knew of a restraining order that had been issued against Mr. Macias. FAC ¶ 72, 76. Plaintiff and her mother saw Mr. Macias return to his trailer (in violation of his restraining order). FAC ¶ 80-81.

In light of the above, Plaintiff has alleged five causes of action: (1) negligent hiring/retention by Defendants Pie Ranch, Delma Soult, and Does 1-10; (2) negligent infliction of emotional distress ("NIED") by Defendants Pie Ranch and Delma Soult Against Plaintiff; (3) sexual battery by Defendant Macias against Plaintiff; (4) battery by Defendant Macias against Plaintiff; and (5) a violation of Title VI by Defendant Pie Ranch against Plaintiff.

B.   Procedural History

In its Order granting Defendant's first motion to dismiss, the Court granted Plaintiff leave to amend in order to more specifically allege facts regarding Defendants' alleged discrimination based on Plaintiff's race or national origin. *See* Minute Order at 2 (Docket No. 41). As the Court noted, the private right of action to enforce Title VI is limited to instances of intentional discrimination, not disparate impact. *See generally Alexander v. Sandoval*, 532 U.S. 275 (2001). The Court found that Plaintiff had not sufficiently alleged that Defendant's conduct was based on discriminatory animus.

The Court also granted Plaintiff leave to amend two other claims: (1) Defendant's actual knowledge of Mr. Macias's criminal propensities for a negligent hiring/retention claim, and (2) more specific facts about Defendant's wrongful conduct for a NIED claim. Order at 1-2.

3

## II. DISCUSSION

A. Title VI

Plaintiff has not cured the pleading deficiencies to make out a plausible claim for a Title VI violation. Plaintiff alleges that Pie Ranch failed to create, promulgate, and institute policies which would have prevented the harms that Plaintiff suffered. FAC ¶ 168. First, Plaintiff does not describe what those policies would be. But, more fundamentally, this allegation appears to rest on a disparate impact theory which is not cognizable under *Sandoval*.

Next, Plaintiff alleges that Ms. Soult and Pie Ranch disregarded the complaints and pleas from Plaintiff and her parents because "they are minorities with Latinx heritage." FAC ¶ 171. But Plaintiff does not elaborate, *e.g.*, she does not allege that Ms. Soult was more receptive to the pleas of Caucasian employees. Nor does Plaintiff provide more specific details about the ways in which Defendants intentionally discriminated against Plaintiff and her parents because of their race and/or national origin. The conclusory allegation is insufficient to state a plausible claim of intentional discrimination.

Plaintiff also alleges that Pie Ranch had "Delma Soult interact with the [Plaintiff] and her family so that she could engage in the kind of abhorrent conduct that prevented Pie Ranch from taking action." FAC ¶ 174. It is unclear what Plaintiff is alleging here. Plaintiff notes that Ms. Soult engaged in all communications with her family because she speaks Spanish, and Plaintiff believes that upper management at Pie Ranch does not speak Spanish and is composed exclusively of Caucasian individuals. FAC ¶¶ 92-94. But if Ms. Soult is the only Pie Ranch employee who can communicate with Plaintiff and her family, it is hard to discern how Pie Ranch engaged in intentional discrimination by dispatching her as an intermediary.

Finally, Plaintiff alleges that, "[h]ad Mr. Leon Macias' conduct occurred against a non-Latinx student in its education program Pie Ranch would not have sought to occlude the fact that it continued to retain a dangerous sexual predator." FAC ¶ 176. Again, this allegation is conclusory and not supported by any specific facts which suggest that Pie Ranch was deliberately indifferent to Plaintiff because of her race and/or national origin.

In sum, Plaintiff has not alleged the any specific facts indicative of intentional

4

discrimination to make out a plausible claim for a Title VI violation. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the Title VI claim, **with prejudice** because Plaintiff has already been given leave to amend once and has not cured the pleading deficiencies.

B.     <u>Supplemental Jurisdiction</u>

Because the case at bar was removed on the basis of federal question jurisdiction, and that claim (under Title VI) has now been dismissed, the Court must decide whether it wishes to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

At oral argument, counsel for Plaintiff informed the Court that Mr. Macias has not been served with process on the third and fourth causes of action (for sexual battery and battery) because he is in Mexico. Plaintiff wishes to pursue these two causes of action against Mr. Macias in state court, and desires to avoid a piecemeal approach, wherein some of the remaining state law claims are litigated in federal court and others in state court.

A district court may elect to decline supplemental jurisdiction under 28 U.S.C. § 1367(a) if:

>     (1) the claim raises a novel or complex issue of State law,
>
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, the state law claims predominate over the Title VI claim because the case at bar concerns Mr. Macias's conduct and Pie Ranch's responsibility for that conduct (*i.e.*, whether Pie Ranch had actual knowledge that Mr. Macias had a propensity to engage in sexually inappropriate conduct with minors before hiring him). These are quintessential claims under tort law, which arises here under the laws of California. Further, the Court has dismissed the only claim over which it had original jurisdiction (*i.e.*, the Title VI claim) and the litigation is still in its preliminary stages (such that the parties have not yet expended significant resources and a remand is in keeping with judicial economy). The factors under § 1367 weigh against exercising supplemental jurisdiction over Plaintiff's remaining state law claims.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VI claim **with prejudice**, and it **REMANDS** to the Superior Court of California, County of San Mateo for further action.

**IT IS SO ORDERED**.

Dated: November 20, 2020

_____
EDWARD M. CHEN
United States District Judge